# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WALTER F. SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:09CV259 MLM |
| | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Walter Scott for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from

such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

A court may determine that an action or allegation is "malicious" by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. Spencer v. Rhodes, 656 F. Supp. 458, 463 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Id. at 461-63. When determining whether an action is malicious, the Court need not look only to the complaint before it, but may also look to plaintiff's prior litigious conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this pro se action pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*., and 42 U.S.C. § 1981. Named as defendant is Experian Information Solutions, Inc. The complaint seeks injunctive relief and monetary relief in an amount greater than $20 million.

Plaintiff alleges that on February 12, 2008, he was granted a discharge in a Chapter 7 bankruptcy case.[1] Plaintiff claims that on December 20, 2008, he notified defendant of "unlawful discrepancies" in his credit record and that defendant failed to properly investigate those discrepancies. Plaintiff says that defendant violated his right to enter into a contract with a creditor by posting an incorrect credit report.

Attached to the complaint, and therefore wholly incorporated into it, is defendant's written response to plaintiff. See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). In its response, defendant said that it investigated plaintiff's claim and that it verified the accuracy of the information with the credit grantor. Defendant further said that if plaintiff believed the information was still inaccurate, then defendant would "add a statement of continued dispute to [plaintiff's] personal credit report at

---

[1] See In re Walter F. Scott, Case No. 07-47378 (Bankr. E.D. Mo.).

[plaintiff's] request." Defendant also said that if plaintiff had any additional information, then defendant would reinvestigate plaintiff's claim.

## Discussion

Plaintiff's allegations regarding defendant's failure to investigate his claim are wholly conclusory and do not contain a set of facts, which if proved, would entitle plaintiff to relief. Furthermore, plaintiff's conclusory allegations are contradicted by defendant's written response, which specifically state that defendant conducted an investigation of plaintiff's claims and that defendant would reinvestigate plaintiff's claims if necessary. As a result, plaintiff's claim under the Fair Credit Reporting Act fail to state a claim upon which relief can be granted.

Plaintiff's allegations relating to his ability to enter into a contract with a creditor are also wholly conclusory. As a result, plaintiff's claim under 42 U.S.C. § 1981 fails to state a claim upon which relief can be granted.

Plaintiff has a lengthy history of filing frivolous cases in this Court and in the bankruptcy court. E.g., Scott v. Velda City, 4:07CV1025 CAS (E.D. Mo.) (dismissed as frivolous under 28 U.S.C. § 1915(e)); Scott v. Velda City Police Dept., 4:07CV577 CAS (E.D. Mo.) (same); Scott v. St. Louis County Police Dept., 4:05CV70 SNL (E.D. Mo.) (action to overturn state court decision dismissed under Rule 12(b)(6)); Scott v. City of Velda Village, 4:01CV1117 TIA (E.D. Mo.) (Rule 12(b)(6)); Scott v. City of

Velda City, No. 07-4501-705 (Bankr. E.D. Mo.) (judicial estoppel; "[Scott] made his bed, manipulated his bedfellows, and now must lie in the results."). Plaintiff's litigious history, the absence of factual allegations necessary to state a viable claim for relief, and plaintiff's extreme demand for over $20 million in money damages lead the Court to conclude that plaintiff filed this action for the purpose of harassing defendant rather than to vindicate a cognizable right. As a result, the Court finds that this action is malicious, and the Court will dismiss the complaint with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

Dated this 24th day of February, 2009.

_____
UNITED STATES DISTRICT JUDGE